IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BARBARA C. HAMPTON, | : |
| Plaintiff | : |
| VS. | : |
| | :    5 : 08-CV-146 (CAR) |
| MICHAEL J. ASTRUE, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

**RECOMMENDATION**

The plaintiff herein filed this Social Security appeal on April 25, 2008, challenging the Commissioner's final decision denying her application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

*Background*

The plaintiff filed an application for Supplemental Security Income benefits in August 2004, alleging disability since January 1, 1990, due to back pain, uterine fibroids, and migraine headaches. Her application was denied initially and upon reconsideration. Following a hearing, the ALJ determined that the plaintiff was not disabled, and that jobs existed in significant numbers in the national economy that the plaintiff could perform. The Appeals Council denied review, and the plaintiff then filed this appeal, arguing that the ALJ failed to properly evaluate evidence related to the plaintiff's complaints of pain and other symptoms relating to her uterine fibroids.

*Standard of review*

In reviewing the final decision of the Commissioner, this court must evaluate both whether

the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983).  The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  Bloodsworth, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  Cornelius, 936 F.2d at 1145-1146.

      The plaintiff argues that she has not been able to obtain the treatment for her uterine fibroids that she needed due to a lack of health insurance or access to indigent care, and that the ALJ appears to penalize the plaintiff for not having obtained treatment she could not afford.  Furthermore, the plaintiff argues that the ALJ inappropriately analyzed the medical evidence regarding her fibroids and failed to properly analyze the opinion of her treating physician.

      If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can

reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain. Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992); Hand v. Heckler, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability. 20 C.F.R. § 404.1529(a). Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence. 20 C.F.R. § 404.1529(c). The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence." 20 C.F.R. § 404.1529(c)(4). If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff will be deemed disabled. However, if the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

Herein, the ALJ determined that

> [a]fter considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are partially credible. Medical records show that the pain from fibroids was only around time of menses. Operative notes refer to uterus enlarged to "18 weeks", apparently referring to the equivalency of a pregnancy at 18 weeks gestational period. While this would reduce stooping, and bending, and pose additional weight restrictions, it would not be disabling.
>
> Claimant reported migraine headaches since age three, but there is no reason to believe that these headaches cause disabling level impairments, as the claimant was able to graduate from high school, married, worked for a short period, and later stayed home to take care of her four children and household duties. These headaches

3

> seem to cause, at most, mild and sporadic limitations on concentration, but such disruptions are neither severe enough nor frequent enough to reduce the above-noted residual functional capacity below that stated. . . . The undersigned notes that claimant had fibroids removed in [a] February 2007 [hysterectomy], which should have eliminated problems caused by fibroids, but she alleges only partial symptom improvement.

R. at 17.

The ALJ properly discounted plaintiff's testimony of disabling symptoms and impairments, after thoroughly reviewing plaintiff's statements and the objective medical evidence of record, which did not support the extent of the symptoms alleged by the plaintiff. According to Plaintiff, she worked for a brief period of time in 1973, and ceased working for the next thirty (30) years due to her uterine fibroids. She was not diagnosed with fibroids until March 2002, but medical records from this period of time do not reveal disabling pain due to fibroids. Substantial evidence supports the ALJ's findings regarding plaintiff's credibility and her residual functional capacity. To the extent that the plaintiff argues that the ALJ improperly failed to excuse her non-compliance with prescribed treatment due to a lack of funds, there is no indication that the ALJ relied on the plaintiff's non-compliance or inability to afford treatment as bases for denying benefits. Cf. Dawkins v. Bowen, 848 F.2d 1211 (11th Cir. 1988) (poverty can excuse a claimant's failure to follow a prescribed treatment when such failure is being examined as a basis for finding the claimant not disabled.).

Dr. Wendell Smith completed a residual functional capacity form on March 15, 2005, and opined that due to her fibroids, plaintiff could only sit or stand for 15 minutes, and 15-20 minutes total in an 8-hour work day, and walk only one city block. The ALJ rejected this

conclusion, in the absence of supporting treatment notes, clinical observations, or medical findings in the record to support Dr. Smith's opinion.  Dr. Smith had apparently never examined the plaintiff for fibroids and is not a gynecologist, but had last treated the plaintiff in 2003 for back pain.  The ALJ properly evaluated Dr. Smith's findings and rejected these as unsupported by objective medical findings.  As the Commissioner points out, the record does not reveal a significant treatment relationship between Dr. Smith and the plaintiff.  His opinion, therefore, was properly given less weight.  Plaintiff's argument that the ALJ should have recontacted Dr. Smith to clarify his opinion is without merit.  The available evidence herein provided an adequate basis for determining plaintiff's claim without such recontact.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable C. Ashley Royal, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.
**SO RECOMMENDED**, this 4th day of September, 2009.

/s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE